**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rigoberto Ricardo HERNANDEZ, aka,
Ricardo Hernandez, Defendant—
Appellant.**

**No. 01–50118.
D.C. No. CR–00–02321–BTM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Feb. 7, 2002.

Before REINHARDT, TALLMAN, Circuit Judges, and DAMRELL,* District Judge.

MEMORANDUM **

Defendant–Appellant Rigoberto Ricardo Hernandez appeals from a judgment and

* The Honorable Frank C. Damrell, Jr., United States District Court Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

63–month custodial sentence imposed by the district court after a jury found Hernandez guilty of violations of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (iii), attempting to bring in and bringing in illegal aliens for financial gain and without presentment. Hernandez claims that the district court committed various errors. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. For the reasons expressed below, we reverse.

## BACKGROUND

On Saturday, July 15, 2000, at approximately 6:00 a.m., Hernandez drove from Mexico to the United States, arriving at the primary inspection booth at the San Ysidro Port of Entry in California. Hernandez was met by an immigration inspector. The inspector informed Hernandez that he was to drive his car slowly into the secondary inspection area. As the inspector prepared to close the gate to her lane, Hernandez accelerated his car in the direction of the Mexican border. The inspector closed the gates of the port of entry and Hernandez was forced to stop his vehicle. Hernandez was removed from the vehicle and brought to the security office.

Senior Immigration Inspector Johnny Armijo then met with Hernandez. At 7:15 a.m., Armijo advised Hernandez of his *Miranda* rights in English and took his statement. About ten hours later, Armijo asked Hernandez if he could make a videotaped sworn statement and readvised Hernandez of his *Miranda* rights. The videotaped interrogation ceased when Hernandez asked to make a phone call.

Two other immigration inspectors inventoried the interior of Hernandez's car. They turned on the car's ignition and

pushed the trunk release button, and the trunk opened revealing three persons.

Anita Bonifila Castillero–Mejia was one of the three people discovered in the trunk. Castillero–Mejia testified that she met a woman in Tijuana who offered to help her cross the border for a fee. The woman instructed Castillero–Mejia to walk a few blocks to find a man with glasses who would be "leaning on something." Upon finding the man, he instructed them to "get inside the trunk fast." Castillero–Mejia was the last to get into the trunk, having had a minute to observe the man. She provided a description of the perpetrator to Armijo, who, thereupon, showed her a single photograph of Hernandez. Castillero–Mejia identified Hernandez as the man who opened the trunk. At trial, she identified again Hernandez as the man who drove her across the border in the trunk of his car.

The two-count Indictment charged a violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and 1324(a)(2)(B)(iii). ER 2. Hernandez filed a motion to dismiss both duplicitous counts in the indictment, which the district court denied. The district court admitted the videotaped statement and found that, even though the showing of the one photo to Castillero–Mejia was suggestive, the in-court identification testimony was, nonetheless, reliable.

## DISCUSSION

Hernandez claims that the district court committed error by failing to suppress unreliable identification testimony and denying his motion to suppress his post-arrest videotaped statement. Hernandez further argues that the district court erred in denying his motion to dismiss duplicitous counts in the indictment and by refusing to give an augmented unanimity instruction to the jury.[1]

---

1. Hernandez also claims that the district    court erred in applying the sentencing guide-

## A. In-court Witness Identification Testimony

We review de novo the constitutionality of pretrial identification procedures. *United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir.1998). Inspector Armijo only showed one photo to Castillero–Mejia—a photo of Hernandez, which had some sort of measuring stick behind it to indicate that it was a mug shot photo. However, even if a pretrial procedure is impermissibly suggestive, automatic exclusion of identification testimony is not required. *See id.* at 993. The factors to be considered in evaluating the reliability of in-court identification testimony are: (1) the witness' opportunity to view the defendant at the time of the incident; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the defendant; (4) the level of certainty demonstrated by the witness at the time of the identification procedure; and (5) the length of time between the incident and the identification. *Id.* (citing *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). A district court's decision to admit in-court identification testimony is reviewed for abuse of discretion. *See United States v. Dixon*, 201 F.3d 1223, 1229 (9th Cir.2000).

As to the first two factors, Castillero–Mejia testified that she was able to view the defendant because she was the last of the three to get into the trunk. Regarding the third factor, she provided a description of the perpetrator which was somewhat general (i.e. tall man with glasses and a mustache); however, she was very certain in her identification of the defendant, thus satisfying the fourth factor. Finally, the length of time between the encounter and the single-photo identification (eleven hours) was not significant. The district court did not err in finding that her in-court identification testimony was reliable.

## B. Motion to Suppress the Post–Arrest Videotaped Statement

Federal Rule of Criminal Procedure 5(a) requires that "an officer making an arrest under a warrant ... shall take the arrested person without unnecessary delay before the nearest available federal magistrate judge ...." Fed. R. Crim P. 5(a). Courts look to 18 U.S.C. § 3501(c) to determine whether pre-arraignment statements obtained in violation of Rule 5(a) are admissible. *United States v. Van Poyck*, 77 F.3d 285, 288 (9th Cir.1996). The defendant bears the burden of proving the grounds for exclusion of the statement. *Id.*

We have found that 18 U.S.C. § 3501(c) creates a six-hour "safe harbor" during which a confession will not be excluded solely because of delay. *Id.* This "safe harbor" extends beyond six hours if the delay is reasonable and is due to the "the means of transportation and the distance to be traveled to the nearest available ... magistrate." *Id.See also* 18 U.S.C. 3501(c) (2001). We review a district court's finding that a pre-arraignment delay was reasonable for clear error. *See United States v. Padilla Mendoza*, 157 F.3d 730, 732 (9th Cir.1998).

Hernandez argues that the district court failed to consider that immigration agents waited ten hours to obtain a videotaped statement even though Hernandez had already confessed once and that this raised a substantial question as to whether the purpose of the delay was to obtain the videotaped statement. In making its ruling to

lines to him. Since we reverse the conviction, it is unnecessary to reach the sentencing issues raised by the appellant.

admit the videotaped statement, the district court was presented with the testimony of Armijo who stated that the delay was not aimed at obtaining Hernandez's statement and expressly found that "the delay wasn't for the purposes of gaining a confession, that there was processing going on." The district court also noted that Hernandez was arrested on a Saturday and arraigned on a Monday, a reasonable delay given that magistrates in that area did not sit on weekends. Therefore, the district court did not err in admitting the videotaped statement.

## C. Duplicitous Counts in the Indictment

We review de novo whether an indictment is duplicitous. *United States v. Martin*, 4 F.3d 757, 759 (9th Cir.1993). In *United States v. Ramirez–Martinez*, 273 F.3d 903 (9th Cir.2001), we found that an indictment charging a defendant with both attempted and completed transportation of aliens under section 1324(a)(1)(A)(ii) in a single count was duplicitous. *See id.* at 914–15. Relying on *United States v. Gracidas–Ulibarry*, 231 F.3d 1188 (9th Cir. 2000) (en banc) in which we found that Congress intended to incorporate the well-established common law meaning of "attempt" into 8 U.S.C. § 1326, we stated that "attempting to transport, which requires specific intent, and actual transportation, which requires a showing of general intent, are separate and distinct crimes." *Ramirez–Martinez, supra,* 273 F.3d at 914. We found that while a defendant could be convicted for the *completed* act if she acted with "reckless disregard" as to the alien's status, this was not sufficient for the *attempted* act, which required purpose to transport an undocumented alien. *See id.* at 914.

Both counts in the indictment charged Hernandez with attempted and completed acts of bringing in aliens in a single count.

Applying *Ramirez–Martinez* to this case, it is clear that the indictment was duplicitous. However, the rules on duplicity are pleading rules and violation is not necessarily fatal to the indictment. A duplicitous indictment may be cured if either (1) the government elects between the charges in the offending count; or (2) the court provides an instruction requiring the jury to agree as to which of the distinct charges the defendant actually committed. *Id.* at 915.

The jury instructions in this case do not cure the erroneous indictment. The district court instructed the jury that the government had to prove that "at the time the defendant brought or attempted to bring ... Castillero–Mejia to the United States, the defendant knew or acted in reckless disregard of the fact that ... Castillero–Mejia was an alien ...." The jury instructions provide that reckless disregard may be sufficient to convict Hernandez for attempt. This is an erroneous instruction under *Ramirez–Martinez.*

## CONCLUSION

The district court's denial of Hernandez's motion to dismiss duplicitous counts in the indictment constituted error that was not cured by the government's or the court's actions. Hernandez's conviction and sentence are REVERSED and REMANDED for proceedings consistent with this opinion.